IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BERNIE J. JOHNS                                                                                    PLAINTIFF

V.                                                    NO. 14-3089

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Bernie J. Johns, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on June 13, 2011, alleging an inability to work since April 21, 2011, due to neuropathy. (Tr. 182-185, 203, 207). An administrative hearing was held on April 30, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 35-72).

By written decision dated June 28, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – plantar fasciitis, tarsal tunnel syndrome, peripheral neuropathy, carpal tunnel syndrome, and left eye disorder. (Tr. 22). However, after reviewing all of the evidence presented, the ALJ

1

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally operate foot controls on a bilateral basis. He can finger and handle frequently on a bilateral basis. The claimant is limited to occupations that require only occasional peripheral acuity and occasional depth perception.

(Tr. 23). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform his past relevant work, but there were other jobs Plaintiff would be able to perform, such as food prep worker/cook helper; janitor/cleaner; and attendant at a self-service store (retail sales attendant and video rental clerk). (Tr. 27-28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information, and denied that request on August 22, 2014. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the

Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues in this matter:  1) Whether the ALJ erred in his RFC determination; and 2) Whether the ALJ erred in failing to find Plaintiff's depression and anxiety were severe impairments. (Doc. 10).

**A.  Severe Impairment:**

Plaintiff briefly argues that depression and anxiety have been steady problems and naturally result from his chronic pain. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989). "While '[s]everity is not an onerous requirement for the claimant to meet …it is also not a toothless standard.'"  Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015)(quoting Kirby v. Astrue, 500 F.l3d 705, 708 (8th Cir. 2007).

The Court first notes that Plaintiff did not list any mental impairment on his application documents, which is significant. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001).  On March 6, 2012, Christal Janssen, Ph.D., completed a Psychiatric Review Technique form, wherein she found that Plaintiff had no limitations in activities of daily living or in maintaining social functioning, and a mild degree of limitation in maintaining

4

concentration, persistence, or pace. (Tr. 389).  She concluded there was no evidence of a severe mental impairment. (Tr. 391).  On June 7, 2012, Plaintiff was diagnosed with depression at the Mountain Home Christian Clinic (Tr. 400), and by July 19, 2012, Plaintiff was reported by Mountain Home Christian Clinic as doing well. (Tr. 399).

The ALJ recognized the statement made by Plaintiff's treating physician, Dr. Paul Wilbur, on October 16, 2012, that Plaintiff suffers from neuropathy of his legs and feet and chronic anxiety depression, and that both of the problems were moderately severe. (Tr. 26, 275).  The ALJ considered Dr. Wilbur's statement, but noted that Dr. Wilbur did not indicate Plaintiff could not work or was limited in some capacity if he did work.  (Tr. 26).  In addition, the Court notes that subsequent thereto, it appears that Plaintiff presented himself to the Mountain Home Christian Clinic, complaining of prostate issues, burning feet, migraine headaches and a tick bite, but no mental impairment. (Tr. 416-431). Further, there are no indications in the record that Plaintiff's ability to function was limited or affected by any mental impairment.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's severe impairment determination.

**B.  Credibility:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical

5

evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The Court finds there is substantial evidence to support the ALJ's credibility analysis

### C. RFC Determination:

Plaintiff argues that the ALJ's RFC has no direct medical support, fails to find that Plaintiff should "grid in," and is entirely inconsistent with the limitations to standing/walking that result from his intractable neuropathy. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v.

6

Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

As stated earlier, in his decision, the ALJ found Plaintiff was capable of performing light work with certain limitations. In making this determination, the ALJ reviewed all of the medical records, including those which existed prior to the onset date. He noted that in 2009, Dr. Bruce Robbins concluded Plaintiff's complaints of lower extremity pain was getting significantly better with Metanx, and therefore deferred an EMG needle examination. (Tr. 23). The ALJ discussed the records from Ahrens Clinic, where he was assessed with plantar fasciitis and was provided splints. (Tr. 23). The ALJ discussed Plaintiff's visits to Dr. Eric Arp, of Arp Foot & Ankle Clinic, who assessed Plaintiff with neuroma and pain of the toe and foot, recommended arch supportive inserts, counseled Plaintiff on neuropathy and the care of his feet, administered a nerve block, and prescribed Metanx. (Tr. 24). On May 26, 2011, Plaintiff called the Arp Clinic and wanted to cancel his appointment for follow up from bilateral injections because he lost his job and insurance and had no money. (Tr. 332).

On July 26, 2011, non-examining consultant, Dr. Sharon Keith, completed a Physical RFC Assessment, wherein she found the medical records supported a light RFC. (Tr. 342). In October of 2011, Mountain Home Christian Clinic reported Plaintiff's condition as stable, noting that Lyrica was reportedly helping a lot. (Tr. 360). By November of 2011, the Lyrica was reported as no longer helping the pain as it was when he first started taking it. (Tr. 361).

The ALJ discussed Plaintiff's daily activities, noting that he picked up the house, cooked and took care of his personal grooming, although slowly. (Tr. 240. He also noted that Plaintiff fed and watered his three dogs and let them outside, did the cleaning, laundry, minor household repairs, and mowed the lawn using a riding lawnmower. (Tr. 25). Plaintiff

7

shopped in stores for groceries, clothes, shoes and household items, and visited with his mother and family a couple of times a week. The ALJ found that these were not the types of activities one would expect, given the complaints of disabling symptoms and limitations. (T.r. 25).  He also noted that no physician placed any functional restriction on his activities that would preclude work activity with the RFC limitations. (Tr. 25).

The ALJ recognized that Plaintiff cited lack of resources as the reason he had not sought specialized treatment. However, the ALJ noted that there was no indication that Plaintiff had availed himself of and exhausted all possible resources available.

The ALJ assigned some weight to the opinion of Dr. Keith, but found that Plaintiff had additional manipulative limitations. (Tr, 26).  The ALJ considered Dr. Wilbur's opinion and noted that he did not indicate Plaintiff could not work, and described Plaintiff's condition as moderately severe. (Tr. 26).  The ALJ also considered the statements of Plaintiff and his friends, and noted that they did not establish Plaintiff was disabled.  (Tr. 26).

The Court finds, after reviewing the record as a whole, that there is substantial evidence to support the ALJ's RFC determination and the weight he assigned to the opinions.

### D.  Hypothetical Question:

The ALJ presented the following hypothetical questions to the VE:

Q:  Hypothetical number one.  Assume an individual with the same age, education and work experience as that of the Claimant, who is able to lift and/or carry 20 pounds occasionally, lift and/or carry 10 pounds frequently.  Stand and/or walk, six hours out of an eight-hour workday with normal breaks. Sit six hours out of an eight-hour workday with normal breaks. Push and pull with limitations pursuant to our lift/carry limitations. Foot control operation on a bilateral basis would be occasional. Excuse me. Handle on a bilateral basis would be frequent.  Finger on a bilateral basis would be frequent, limited to occupations requiring only occasional peripheral acuity, and limited to occupations requiring only occasional depth perception.  Could an individual with these limitations perform Claimant's past work as it was actually performed or as it is customarily performed pursuant to the Dictionary of Occupational Titles?

8

> A:  Based on the hypothetical that's been presented, the individual would be limited to a light exertional limit if work, with – and all of his past work was at the medium or heavy exertional level (inaudible) could not perform past work.
>
> Q:  Addendum to hypothetical number one. Assume an individual with the same age, education, and work experience as that of the Claimant who has the RFC that we've just described. Would there be any jobs this individual could perform that exist in the national or regional economies?
>
> A:  Let me check please. Okay. One example….food prep worker, cook helper. …
>
> Another job that would be the criteria would be that of a janitor or cleaner. …One other example would be that of a[sic] attendant at a self-service store. …This would be like a retail sales attendant or a video rental clerk.

(Tr. 67-69).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the jobs of food prep worker/cook helper; janitor/cleaner; and attendant at a self-service store (retail sales attendant and video rental clerk). Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 9th day of December, 2015.

                                                                         */s/ Erin L. Setser*
                                                            HONORABLE ERIN L. SETSER
                                                            UNITED STATES MAGISTRATE